■ PHOTO-MARKER CORP., Respondent, v. PENN-KEYSTONE REALTY CORP. et al., Appellants.— Orders, entered on March 8, 1962 and March 22, 1963, denying motions to dismiss complaint for failure to state a cause of action, unanimously reversed, on the law, with $20 costs and disbursements to the appellants, and the motions granted, with $10 costs. The complaint alleges that plaintiff brought a prior action to rescind an agreement of cancellation of its

lease. The grounds were that plaintiff was induced to surrender the premises by the fraudulent representation that the premises would not be relet to a competitor of plaintiff. The action resulted in a verdict for defendant. This action is for damages for the same alleged fraud with the additional allegations that the verdict in the prior action was procured by perjury and suppression of evidence. There is no cause of action for obtaining a verdict by improper means, that being solely cognizable by criminal proceedings. However, a cause of action for fraud is not defeated because a step in the perpetration of the fraud is the giving of false testimony in an action (*Verplanck* v. *Van Buren*, 76 N. Y. 247). Here, the plaintiff has already brought suit for the consequences of the alleged fraudulent scheme. He was defeated in that action and cannot relitigate it. "If the total objective of the scheme was the determined issue, then there is a bar" (*Burbrooke Mfg. Co.* v. *St. George Textile Corp.*, 283 App. Div. 640, 644). Nothing remains except the claim that perjury prevented a recovery in the prior action. This cannot be the basis of a cause of action (*Anchor Wire Corp.* v. *Borst*, 277 App. Div. 728). Concur — Botein, P. J., Rabin, Eager, Steuer and Bergan, JJ.