■ M. EISENBERG & BROS., INC., Plaintiff, v WHITE PLAINS HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Respondent. WILAKA CONSTRUCTION CO., INC., Appellants.—In an action by an electrical contractor against an owner to recover damages for breach of contract, wherein the owner asserted a third-party action against the general contractor and the bonding company, the third-party defendants appeal from a judgment of the Supreme Court, Westchester County, entered October 28, 1975, which is in favor of the third-party plaintiff and against them, upon a jury verdict. Judgment affirmed, with costs. The per diem liquidated damages clause was intended to cover the owner's damages for delay beyond the completion date. On the other hand, the indemnity clause was intended to indemnify the owner if it were held vicariously liable to one contractor for the neglectful actions of another contractor. Here the indemnity clause applied, unfettered by any liquidated per diem limitation. Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur.

■ MARTIN SHEER ENTERPRISES, INC., Appellant, v GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC., Respondent.—In an action to recover rent allegedly due as the result of defendant's unauthorized use of premises not covered by the lease between the parties, plaintiff appeals from (1) an order of the Supreme Court, Dutchess County, dated March 25, 1976, which granted defendant's motion for a directed verdict, at the close of the entire case, at a jury trial, and (2) the judgment entered thereon on March 30, 1976. Judgment and order affirmed, with costs. The lease between the plaintiff and defendant, read in conjunction with the plans and specifications for the building, was not ambiguous. The interpretation of the lease was therefore a matter of law to be determined by the court (see *Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169). Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur.

■ MASTIC FUEL SERVICE, INC., Respondent, v DONALD F. VAN COOK et al., Individually and as Partners Doing Business under the Name of KELLY, LUGLIO & VAN COOK, et al., Appellants.—In an action to recover damages predicated upon the unlawful use of execution and malicious prosecution, defendants appeal from an order of the Supreme Court, Suffolk County, dated June 8, 1976, which denied their motion to dismiss the complaint for failure to state a cause of action. Order affirmed, without costs or disbursements. Plaintiff's complaint sufficiently established a cause of action for malicious prosecution and abuse of process. The defendants were given notice of the transactions to be proved and of the material elements of each cause of action (see CPLR 3013). Attorneys' fees are recoverable as a measure of damages in tort actions where malice is an element of the tort (see 13 NY Jur, Damages, § 145). Hopkins, Acting P. J., Cohalan, Shapiro and Suozzi, JJ., concur.