■ UNITED PICKLE CO., INC., Respondent, v MAX OMANOFF, Appellant. MAX OMANOFF, Appellant, v UNITED PICKLE CO., INC., et al., Respondents.— Judgment, Supreme Court, Bronx County, entered July 17, 1975, following a jury verdict awarding appellant Max Omanoff $56,000 as the value of his stock, finding for respondents on the issue of the justifiable discharge of appellant and awarding respondent, United Pickle Co., Inc., $63,000 in damages on its conspiracy counterclaim for legal fees, unanimously modified, on the law, to the extent of remanding for a new trial for the purpose only of deciding what specific portion of United's legal fees were occasioned by plaintiff's malicious acts, and otherwise unanimously affirmed, without costs and disbursements. But for Omanoff's motion to dismiss the counterclaim, which charged appellant with conspiring to destroy United's business by initiating baseless lawsuits against it, we find no merit to this appeal. The principal ground underlying that motion, namely that malice had not been proven with respect to the specific acts for which respondent's legal fees had been incurred, has substance. Although it is a governing principle of our jurisprudence that since "public policy requires that all persons should freely resort to the courts for redress of wrongs, the law protects them when they act in good faith and upon reasonable grounds in commencing either a civil or criminal prosecution." *(Burt v Smith,* 181 NY 1, 5.) Nevertheless we see no impediment here to the recovery of attorneys' fees, as damages, for malice is the gravamen of the conspiracy appellant was found to have been engaged in. *(Mastic Fuel Serv. v Van Cook,* 55 AD2d 599.)* He intentionally sought to inflict economic injury on respondents by forcing them to engage legal counsel. This was an actionable wrong. The fact that the devices he utilized to harass and oppress them were legal procedures does not relieve him from liability for those legal fees *(cf. Board*

of *Educ. v Farmingdale,* 38 NY2d 397, 406), since they constitute respondents' harm. To be recoverable those damages must have been proximately related to the malicious acts and the acts themselves must have been entirely motivated by a disinterested malevolence on Omanoff's part (59 NY Jur, Torts, § 25). But the within actions do not meet this criterion. Action No. 1 was instituted not by appellant but by United. And Omanoff was obviously legally justified in initiating Action No. 2 for he recovered his converted stock. As those actions were not maliciously motivated by him, the legal fees respondents became subject to by reason of those actions are not recoverable. This is equally so with respect to United's attempt to consolidate these actions with other suits by or against Richard Omanoff, any appeal from the denial thereof and also with regard to Omanoff's claim for unemployment benefits. Regrettably United's proof does not identify the fees incurred for each particular legal procedure, making it impossible for this court to allocate those damages which were attributable solely to Omanoff's malicious activities. Consequently a new trial to that extent is warranted. Concur—Murphy, P. J., Birns, Fein, Markewich and Yesawich, JJ.