■ AMERICAN BROADCASTING COMPANIES, INC., Respondent, v ENGINE POWER CORP., Appellant. — Judgment and order (one paper) Supreme Court, New York County (H. Schwartz, J., and jury) entered on December 3, 1980 in favor of plaintiff for $58,416.25 plus interest, in an action to recover unpaid charges for telecast of commercial announcements, and also in favor of plaintiff for an additional sum of $32,480 constituting plaintiff's attorney's fees, modified, on the law, to vacate the award of counsel fees, and otherwise affirmed, without costs. The record adequately supports the trial court's conclusion that the defense of the underlying action was marked by repetitive conduct, in which defense counsel and defendant's principal both participated, that merits severe censure, that the effect of this misconduct undoubtedly added unjustifiably to

plaintiff's litigation expenses, and that one grossly improper act may have resulted in denial to plaintiff of summary judgment that would have avoided the necessity for the trial. Although the behavior disclosed by the record is disturbing, the circumstances do not fall within any of the narrowly limited exceptions to the New York rule which in general denies to a successful party the right to recover attorney's fees. (See *City of Buffalo v Clement Co.,* 28 NY2d 241, 262, 263; see, also, *United Pickle Co. v Omanoff,* 63 AD2d 892, 893; cf. *Photo-Marker Corp. v Penn-Keystone Realty Corp.,* 19 AD2d 816; *Anchor Wire Corp. v Borst,* 277 App Div 728, 729.) If the thesis urged by plaintiff on this issue were to be accepted, it would appear to follow that attorney's fees should be awarded by the court to the successful party in any case in which a principal witness for a party was found by the court to have made an intentionally false statement on a material issue in an affidavit or on trial which resulted in additional litigation expense to the successful party. Whatever may be said in favor of such a policy, it does not represent the present law of this State. Concur — Sandler, J. P., Carro, Lupiano, Bloom and Milonas, JJ.