■ BROOK SHOPPING CENTERS, INC., et al., Respondents, v SANDRA A. BASS, as Executrix of EDYTHE ATLAS, et al., Appellants, et al., Defendants. — Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 9, 1984, which denied defendants-appellants' motion for summary judgment dismissing plaintiffs' second amended and supplemental complaint pursuant to CPLR 3211 (subd [a], pars 5, 7) and 3212, is unanimously modified, on the law, with costs, only to the extent of dismissing the claims for attorney's fees and punitive damages, and is otherwise affirmed.

In order to recover counsel fees and punitive damages in circumstances such as are here presented, it must be shown that malice was the gravamen of the defendant's actions and that there was an intentional effort to inflict economic injury upon the plaintiffs by forcing them to engage legal counsel. Those damages must be shown to "have been proximately related to the malicious acts and the acts themselves must have been entirely motivated by a disinterested malevolence on [defendant's] part (59 NY Jur, Torts, § 25)" (*United Pickle Co. v Omanoff,* 63 AD2d 892, 893). Viewing the pleadings in a light most favorable to plaintiffs (*Rovello v Orofino Realty Co.,* 40 NY2d 633), the allegations of the complaint fall far short of demonstrating actual malice and that defendants acted with disinterested malevolence, intentionally seeking to inflict economic injury on plaintiffs by forcing them to engage legal counsel. (*United Pickle Co. v Omanoff, supra; Mastic Fuel Serv. v Cook,* 55 AD2d 599.)

Similarly, the complaint herein fails to allege, let alone demonstrate, that defendants' conduct was of such a continuous and systematic nature, aimed at the public generally, as would justify an award of punitive damages. As we recently said in *Samovar of Russia Jewelry Antique Corp. v Generali, Gen. Ins. Co* (102 AD2d 279, 282): "We have consistently adhered to the standard of *Walker v Sheldon* ([10 NY2d 401], *supra*) in rejecting claims for punitive damages unless there is a showing of wanton

dishonesty as to imply a criminal indifference to civil obligations — morally culpable conduct directed at the general public, a public as opposed to a mere private wrong. The principle has been adopted by the Court of Appeals (*Halpin v Prudential Ins. Co.*, 48 NY2d 906, *supra*) and has been consistently followed in this Department (*Royal Globe Ins. Co. v Chock Full O'Nuts Corp.*, 86 AD2d 315; *Cook v Hartford Fire Ins. Co.*, 97 AD2d 731; *Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 75 AD2d 569; *Cohen v New York Prop. Ins. Underwriting Assn.*, 65 AD2d 71; *Kleiner v Jefferson Life Ins. Co.*, 63 AD2d 636; *John C. Supermarket, Inc. v New York Prop. Ins. Underwriting Assn.*, 60 AD2d 807; *Marvex Processing & Finishing Corp. v Allendale Mut. Ins. Co.*, 60 AD2d 800, affg 91 Misc 2d 683)."

It is clear that such wrong as may have been committed by the defendants was no more than a private wrong for which no recovery of punitive damages may be had (*Garrity v Lyle Stuart, Inc.*, 40 NY2d 354). Concur — Sandler, J. P., Ross, Asch and Milonas, JJ.