■ In the Matter of JANICE S. BIRNBAUM et al., as Coadmin-

istratrices and Trustees of the Estate of BERNARD P. BIRNBAUM, Deceased Respondents, v SAUL I. BIRNBAUM, Appellant. In the Matter of ILENE L. FLAUM, Respondent, v SAUL I. BIRNBAUM, Appellant, and JANICE S. BIRNBAUM, Respondent. —Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In this proceeding brought by respondent Saul Birnbaum seeking disqualification of petitioner's attorneys, the court erred insofar as it awarded attorneys' fees and expenses to those parties opposing the motion. A court has no inherent authority to impose attorneys' fees or other monetary sanctions as a penalty for frivolous litigation. "Under the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule" *(Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5; *Ltown Ltd. Partnership v Sire Plan,* 69 NY2d 670). The parties here did not agree to an award of attorneys' fees nor is there a court rule or statute authorizing such an award. SCPA 2302 authorizing attorneys' fees is limited to proceedings involving various stages and proceedings in the administration of an estate. This statute has no application to the present proceeding. (Appeal from order of Monroe County Surrogate's Court, Ciaccio, S.—disqualify law firm.) Present—Doerr, J. P., Denman, Boomer, Green and Balio, JJ.