■ Ralph Rinaudo, Respondent-Appellant, v City of Rochester, Appellant-Respondent.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In this action seeking damages for illegal entry and conversion of personal property, the court erred insofar as it awarded plaintiff attorneys' fees. "Under the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule" (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5; Matter of Birnbaum v Birnbaum, 135 AD2d 1116, 1117). Here, the parties did not agree to an award of attorneys' fees and plaintiff identifies no court rule or statute authorizing such an award. The complaint contains no allega-

tions demonstrating actual malice or that defendant acted with indifferent malevolence, "intentionally seeking to inflict economic injury on plaintiffs by forcing them to engage legal counsel" *(Brook Shopping Centers v Bass,* 107 AD2d 615; *United Pickle Co. v Omanoff,* 63 AD2d 892; 36 NY Jur 2d, Damages, § 93). The trial court's determination regarding plaintiff's damages must be sustained as it is supported by a fair interpretation of the evidence *(see, Depo & Sons v State of New York,* 58 AD2d 1002, 1003; *McCall v Town of Middlebury,* 52 AD2d 736). (Appeals from judgment of Supreme Court, Monroe County, Mastrella, J.—trespass.) Present—Doerr, J. P., Denman, Boomer, Balio and Davis, JJ.