OPINION OF THE COURT
David B. Saxe, J.
The parties’ various oral and written pretrial applications and in limine motions raise among other issues a point on which this court can find no controlling authority.
Defendant Gallagher moves in limine for an order precluding the plaintiff from introducing evidence of the attorneys’ fees it incurred in this defamation action, to be considered on the issue of punitive damages.
*553 Although legal fees are not recoverable in the absence of statutory authority or contractual provision (see, Alyeska Pipeline Co. v Wilderness Socy., 421 US 240 [1975]; Campagnola v Mulholland, Minion & Roe, 76 NY2d 38 [1990]; Hooper Assocs. v AGS Computers, 74 NY2d 487), an exception has been carved out in some jurisdictions, including ours, permitting evidence of attorneys’ fees to be considered by the fact finder in determining an award of exemplary or punitive damages in cases where malice has been proved (see generally, 25 CJS, Damages, § 50 [d]; 22 Am Jur 2d, Damages, § 613). In New York, "[i]t has been held that the expenses of litigation, including attorneys’ fees, may be considered as an element of punitive damages in a proper case” (36 NY Jur 2d, Damages, § 183, at 310).
The defendant argues that the exception permitting an award of attorneys’ fees where malice is an element of the tort is narrowly limited to cover fees incurred in defending a prior action, and does not cover fees incurred in the subsequent action in which malice is proved; this would limit the fees exception to malicious prosecution and insurance contract cases.
Although research disclosed no defamation cases in which attorneys’ fees were awarded as punitive damages, holdings in malicious prosecution and insurance cases contain broad statements with regard to the issue, and do not appear to intend as narrow an application as defendants suggest. For instance, it is repeatedly noted that " '[attorneys’ fees are inappropriate in the absence of a valid claim for punitive damages or a contractual basis therefor’ ” (Samovar of Russia Jewelry Antique Corp. v Generali, Gen. Ins. Co. of Trieste & Venice, 102 AD2d 279, 284 [1st Dept 1984] [emphasis added], quoting Royal Globe Ins. Co. v Chock Full O’Nuts Corp., 86 AD2d 315, 321), and one court has broadly stated that ''[attorneys’ fees are recoverable as a measure of damages in tort actions where malice is an element of the tort” (Mastic Fuel Serv. v Van Cook, 55 AD2d 599 [2d Dept 1976]).
Consequently, the law of this State does not require the preclusion of evidence of attorneys’ fees, which may indeed be considered on the issue of punitive damages.
[Portions of opinion omitted for purposes of publication.]