■ AERO GARAGE CORP., Respondent, v ABRAHAM HIRSCHFELD et al., Appellants.—Judgment, Supreme Court, New York County (Myriam J. Altman, J.), entered March 12, 1991, which, after a non-jury trial, awarded plaintiff damages in this action for breach of contract in the amount of $224,000, including $150,000 in punitive damages, plus interest, affirmed, without costs.

Plaintiff is the successor lessee of a parking garage located at 10 East 30th Street pursuant to a lease with landlord 10 East 30 Corp., which is wholly owned by defendant Abraham Hirschfeld. It commenced this action, seeking an injunction and damages, alleging that defendants had breached their lease and interfered with plaintiff's rights thereunder by failing to obtain an extension of a certificate of occupancy as required by the lease and by attempting to thwart plaintiff from obtaining the certificate.

Under the lease, which was renewed in 1977 for a term extending until 2000, landlord was required to obtain a certificate of occupancy for the property and was required to pay any costs involved in procuring any necessary extensions or renewals of the certificate during the term of the lease. In 1979, defendants, aware that the existing certificate was to expire in 1982, applied for a 10 year extension. However, at

some point before the certificate expired, defendants withdrew the application and informed plaintiff that they wished to buy out the lease so as to be able to construct a high-rise building and that, if it refused to sell, they would terminate its lease by other means. Plaintiff thereafter submitted its own application for a renewal of the certificate, which was duly granted. However, defendants, in response, brought and vigorously prosecuted a number of administrative appeals, as a result of which the Department of Buildings ultimately recommended a revocation of the certificate on the ground that only an owner may apply for a certificate of occupancy.

In January, 1984, plaintiff commenced the within action, and, by order dated March 15, 1984, defendants were enjoined from making or continuing any application for revocation of the certificate and were ordered to give necessary consent for the continuation of the current certificate pending the outcome of the within action. Defendants, in defiance of such injunction, appeared at a hearing before the Board of Standards and Appeals to renew their request for revocation of the certificate. However, after plaintiff brought a motion to hold defendants in contempt, defendants consented to an extension of the certificate *pendente lite.* Nevertheless, defendants then instituted two successive holdover proceedings in Civil Court on other grounds and moved for a declaration that the leasehold was terminated and for appointment of a temporary receiver. That motion was denied.

After trial herein the court issued a permanent injunction directing defendants, *inter alia,* to make every effort to obtain a certificate of occupancy effective through the term of the leasehold. On its second cause of action the court awarded plaintiff $224,000 in damages, including an award of $150,000 in punitive damages. This appeal ensued.

While counsel fees are not generally available as an item of damage in the absence of statutory and contractual authority *(Hooper Assocs. v AGS Computers,* 74 NY2d 487, 491), under the unusual circumstances of this case, the court properly awarded attorney's fees incurred by plaintiff in obtaining the certificate of occupancy as an element of compensatory damages. These legal expenses were incurred by plaintiff in attempting by itself to fulfill defendants' obligations under the contract and were " 'directly occasioned and made necessary by' " defendants' breach *(City of Elmira v Larry Walter, Inc.,* 150 AD2d 129, 133, *affd* 76 NY2d 912, quoting *Kinney v Massachusetts Bonding & Ins. Co.,* 210 App Div 285, 293).

Further, contrary to defendants' assertions, sufficient proof as to the reasonableness of such fees was presented.

Moreover, we find that defendants' actions in this case "involve that degree of bad faith evincing a 'disingenuous or dishonest failure to carry out a contract' " *(Williamson, Picket, Gross v Hirschfeld,* 92 AD2d 289, 295, quoting *Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 437) which justify the imposition of punitive damages. Defendants were fully aware from the outset that their actions were blatantly in breach of the agreement with plaintiff and yet displayed their willingness to go to any lengths to achieve their ends. We cannot agree with the dissent that this attempt on landlords' part to "obtain a solution more in accord with their own interests" should not be penalized when it invoked the types of methods used here, including the fully knowing and intentional breach of unambiguous contractual provisions, the flouting of court ordered injunctions and the bad faith institution of administrative proceedings. Concur—Ellerin, J. P., Ross, Asch and Kassal, JJ.

Kupferman, J., dissents in part in a memorandum as follows: I would strike the award of punitive damages.

The plaintiff is the lessee of a parking garage located at 10 East 30th Street in Manhattan which is owned by the corporate defendant of which the individual defendant is the sole shareholder. The lease required the landlord to obtain a certificate of occupancy with all costs thereof to be borne by it. The corporate defendant, as required, applied for an extension of the certificate of occupancy, but later withdrew the application because the defendants wanted to construct a high-rise building and, to that end, sought to buy out the lease. Plaintiff thereafter submitted its own application and the New York City Department of Buildings initially issued the certificate, but subsequently revoked it because only an owner could apply therefor. The defendants then continued to seek to terminate the lease.

Clearly, the plaintiff was entitled to be compensated, as it has been, for its costs in maintaining its rights under the lease. However, the defendants should not be penalized for seeking to obtain a solution more in accord with their own interests.

While punitive damages can be proper in the appropriate case *(see, Pacific Mut. Life Ins. Co. v Haslip,* 499 US —, 111 S Ct 1032), the actions of the defendants were not so " 'outrageous or oppressive' " *(Sharapata v Town of Islip,* 56 NY2d 332, 335) as to warrant punitive damages.

"A court only awards those damages in singularly rare cases. *(Knieriemen v Bache Halsey Stuart Shields,* 74 AD2d 290, 294.)* For example, when plaintiffs show extreme aggravating factors such as improper state of mind or malice *(see, Roginsky v Richardson-Merrell, Inc.,* 378 F2d 832, 843 [2d Cir 1967]) or wrongdoing to the public. *(Walker v Sheldon,* 10 NY2d 401.)* Unlike *Walker,* this is not such a case." *(Rand & Paseka Mfg. Co. v Holmes Protection,* 130 AD2d 429, 431, *lv denied* 70 NY2d 615; *see also, Camillo v Geer,* 185 AD2d 192).