■ In the Matter of the Estate of RICHARD J. O'BRIEN, Deceased. PAULA H. O'BRIEN, Appellant; JANET O. NEVINS, Respondent. (Appeal No. 1.) [614 NYS2d 94] —Decree modified on the law and as modified affirmed without costs and matter remitted to Niagara County Surrogate's Court for further proceedings in accordance with the following Memorandum: The record supports the jury's verdict that decedent's will was procured by the undue influence exercised by proponent *(see generally, Matter of Walther,* 6 NY2d 49; *Matter of Anna,* 248 NY 421). Therefore, the Surrogate properly denied proponent's motion to set aside the verdict and denied probate of the instrument purporting to be decedent's last will and testament. The Surrogate also properly granted statutory costs and disbursements to contestant *(see,* SCPA 2301).

The Surrogate lacked authority, however, to award counsel fees in the sum of $60,000 to contestant's attorneys, payable out of proponent's personal assets. "Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" *(Hooper Assocs. v AGS Computers,* 74 NY2d 487, 491; *accord, Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5; *Birnbaum v Birnbaum,* 135 AD2d 1116). An award of counsel fees payable by the losing party to the prevailing party in a contested probate proceeding is authorized by SCPA 2302 (2) (b) (ii), which strictly limits the amount of the award *(see, Matter of Behrendt,* 111 Misc 2d 838, 841). We modify the decree, therefore, by deleting the fifth decretal paragraph, and we remit the matter for calculation of counsel fees in accordance with the formula provided in SCPA 2302 (2) (b) (ii).

The probate proceeding terminated with the decree *(see,* SCPA 601; *Matter of Carroll,* 100 AD2d 337; 40 NY Jur 2d, Decedent's Estates, §§ 1304, 1399). The order enjoining proponent from disposing of certain assets "during the pendency of this probate proceeding" expired with the entry of the decree.

The appeal from that order, therefore, is moot *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714).

All concur, Green, J. P., not participating. (Appeal from Decree of Niagara County Surrogate's Court, Hannigan, S.— Probate Will.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.