■ JAMES ROSSI et al., Appellants, v TWINBOGO COMPANY et al., Respondents. [648 NYS2d 97] —Judgment, Supreme Court, New York County (James P. Dawson, J.), entered May 3, 1995, which, after a jury trial, at which the trial court refused to submit the issue of punitive damages to the jury, awarded plaintiffs damages for economic loss, expenses and emotional suffering, unanimously reversed to the extent appealed from, on the law, with costs, and the matter is remanded for a new trial only as to punitive damages under the first and eighth causes of action.

On a prior appeal in this matter, this Court, *inter alia*, affirmed the order of Supreme Court (Beatrice Shainswit, J.) entered March 22, 1991 to the extent that it granted plaintiffs'

motion for summary judgment against the defendant corporation on plaintiffs' first and eighth causes of action seeking damages for tortious interference. In addition, this Court reinstated said causes of action as against the individual defendants and granted plaintiffs summary judgment thereon as well (*see, Rossi v Twinbogo Co.*, 193 AD2d 481, *lv dismissed* 82 NY2d 889). Damages were thereafter tried before a different Justice and a jury which resulted in the judgment appealed herein.

It has been stated that "sponsors of apartment house conversions have a duty to meet high standards of fair dealing and good faith toward tenants" (*Vermeer Owners v Guterman*, 78 NY2d 1114, 1116). Defendants herein egregiously breached that duty. Defendants initially approved of the plaintiffs' arrangement for the assignment and assumption of the right to purchase unit 16B in the subject building from the tenants in occupancy, and went so far as to amend the subscription plan to allow for such assignments. Thereafter, defendants not only rejected the tenants' agreement for reasons which were invalid, but then successfully pressured the assignor tenants to abrogate their agreement with plaintiffs by, *inter alia*, threatening to charge them with default of tenancy and breach of conditions of their own occupancy, again for reasons which were invalid, and thereafter threatening the assignor tenants with refusal to renew their lease. Once defendants had control of the subscription rights to the subject apartment, they listed it for sale well above the price they would have been required to have sold the apartment for under the conversion plan.

We find that defendants' actions evince, at the least, that degree of bad faith as occurred in *Aero Garage Corp. v Hirschfeld* (185 AD2d 775, *lv denied* 81 NY2d 701), and therefore conclude that plaintiffs' claim for punitive damages should have been submitted to the jury. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Andrias, JJ.