**John B. HATFIELD, Plaintiff,**

v.

**96–100 PRINCE STREET, INC., Gilbert Segall & Young, Alexander Milliken, Amo Parker, Robert Lubin, Annina Nosei–Weber and Public Service Mutual Insurance Company, Defendants.**

**No. 94 Civ. 3917 (JSR).**

United States District Court, S.D. New York.

Aug. 11, 1997.

---

Jeffrey E. Glen, New York City, for plaintiff.

Mendel White, New York City, for defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

On March 31, 1997, the Court issued a Memorandum Order (full familiarity with which is here presumed) that granted summary judgment to defendant Public Service Mutual Insurance Company ("PSM") on most of plaintiff's claims, but granted summary judgment to plaintiff with respect to his claim that PSM is liable for the costs of prosecuting plaintiff's appeal of an award of attorneys' fees rendered against plaintiff in the case of *Milliken v. Hatfield*, et al., Index No. 014799/92 (Sup.Ct., New York County). On July 2, 1997, plaintiff moved for an order directing PSM to post an undertaking to stay execution pending appeal of the state court judgment that, *inter alia*, embodied the attorneys' fees award. PSM, in addition to opposing this motion, cross-moved for reconsideration of the Court's award of summary judgment to plaintiff on the attorneys' fees issue. PSM's ground for seeking reconsideration was that it had just become aware of a written decision rendered by Justice Tolub in connection with the award of attorneys' fees that, PSM alleged, evidenced that the award constituted a form of punitive damages, as to which, under New York law, it had no duty to defend the insured by prosecuting an appeal. After receiving further briefing and hearing oral argument, the Court telephonically advised counsel on July 23, 1997 that both motions would be denied. This memorandum will serve to confirm those rulings and briefly state the reasons therefor.

■ As to posting the appeal bond, neither the insurance contract between the parties nor the relevant case law so requires. Where, moreover, most of the judgment from which plaintiff seeks to appeal relates to matters as to which the Court has already held there is no duty to defend, it would be grossly inequitable to impose such a requirement.

■ As to Justice Tolub's decision, it holds only that because the state court is awarding punitive damages as part of the underlying determination of the merits, an award of attorneys' fees is also appropriate.

**248**

This is in keeping with settled New York law that, even though attorneys' fees should not usually be awarded except by statute or contract, where the underlying judgment includes an award of punitive damages, an award of attorneys' fees may also be appropriate because the miscreant party's tortious misconduct proximately caused his adversary to incur attorneys' fees. Thus, while the award of attorneys' fees is premised on a prior award of punitive damages in the underlying action, it is not itself so much punitive as compensatory. Indeed, it merely seeks to make the aggrieved party whole for directly calculable costs proximately caused by the other party's tort—a classic form of compensatory, remedial damages. *See Aero Garage Corp. v. Hirschfeld,* 185 A.D.2d 775, 776, 586 N.Y.S.2d 611 (1st Dept.1992); *United Pickle Co., Inc. v. Omanoff,* 63 A.D.2d 892, 892–93, 405 N.Y.S.2d 727 (1st Dept.1978).

Accordingly, both pending motions are denied. Plaintiff's counsel is directed to inform the Court in writing, by no later than August 14, 1997, whether plaintiff wishes the case to proceed against the remaining defendants or whether he prefers to dismiss them without prejudice so that a final, appealable judgment may be rendered in this case.

SO ORDERED.