■ MARIANNE ANNISZKIEWICZ, Respondent, v KEVIN J. HARRISON et al., Appellants, et al., Defendants. [737 NYS2d 316] —Appeal from a judgment of Supreme Court, Ontario County (Marks, J.), entered December 5, 2000 in favor of plaintiff following a nonjury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the award for attorneys' fees and costs in the amount of $6,453.66 and as modified the judgment is affirmed without costs.

Memorandum: Supreme Court properly determined following a bench trial that Kevin J. Harrison (defendant) wrongfully interfered with an implied easement created in favor of plaintiff when her property became landlocked. The court properly awarded plaintiff compensatory damages in the amount of the real estate taxes paid during the period that defendant wrongfully interfered with her easement, thereby limiting the use and enjoyment of her property (*see, Tarantelli v Tripp Lake Estates*, 63 Misc 2d 913, 920). It also properly awarded plaintiff punitive damages based on defendant's malicious conduct after September 9, 1999, which was intended to intimidate plaintiff (*see, Ligo v Gerould*, 244 AD2d 852, 853; *Chlystun v Kent*, 185 AD2d 525, 527).

We conclude, however, that the court erred in awarding

plaintiff attorneys' fees and costs incurred by her after September 9, 1999. The general rule in New York is that "attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule" (*Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5). Here, the court attempted to invoke an exception to that general rule by finding that defendant acted with "disinterested malevolence" after September 9, 1999. To invoke that exception, however, it must also be found that defendant "intentionally [sought] to inflict economic injury on plaintiff[ ] by forcing [her] to engage legal counsel" (*Brook Shopping Ctrs. v Bass*, 107 AD2d 615, 615; *see, Rinaudo v City of Rochester*, 148 AD2d 984, 984-985). The record here does not support such a finding, and thus we modify the judgment by vacating the award for attorneys' fees and costs in the amount of $6,453.66. Present—Pigott, Jr., P.J., Pine, Wisner, Burns and Lawton, JJ.