HOME INSULATION & SUPPLY, INC., Appellant, et al., Plaintiff, v GERALD A. BUCHHEIT, JR., Respondent. [872 NYS2d 808]—

Appeal from an order the Supreme Court, Erie County (John A. Michalek, J.), entered October 3, 2007. The order, insofar as appealed from, found in favor of defendant and against plaintiff Home Insulation & Supply, Inc. after a nonjury trial.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and judgment is granted in favor of plaintiff Home Insulation & Supply, Inc. and against defendant on the first cause of action, and

It is further ordered that judgment be entered in favor of plaintiff Home Insulation & Supply, Inc. and against defendant in the amount of $6,442, with interest at the rate of 9% per annum, commencing September 12, 2003, plus costs and disbursements.

Memorandum: Home Insulation & Supply, Inc. (plaintiff) commenced this action seeking damages in the amount of $6,442 based on the alleged failure by defendant to pay plaintiff for the installation of certain insulation at his residence. We conclude that Supreme Court erred in finding after a nonjury trial that plaintiff failed to establish the existence of a written agreement between plaintiff and defendant for the disputed insulation services and thus that plaintiff was not entitled to recover damages from defendant. Viewing the evidence in the light most favorable to defendant (*see Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170 [2005]), we conclude that there is no fair interpretation of the evidence supporting the court's determination that plaintiff was not entitled to recover from defendant. Upon our review of the record, we conclude that plaintiff established entitlement to judgment based on the theory of quantum meruit (*see Capital Heat, Inc. v Buchheit*, 46 AD3d 1419, 1420 [2007]). We further conclude that there is no fair interpretation of the evidence supporting the implicit conclusion of the court that defendant hired a general contractor to perform the renovation work on his residence and that plaintiff should have sought payment from the general contractor instead of seeking payment directly from defendant (*see id*. at 1421). We therefore grant judgment in favor of plaintiff and against defendant on the quantum meruit cause of action. Under the circumstances of this case, we conclude that plaintiff is entitled to a discretionary award of preverdict interest at the rate of 9% per annum, commencing September 12, 2003, the date on which plaintiff certified that its work at the project was complete, plus costs and disbursements (*see generally* CPLR 5001 [a], [b]; *cf. Bank of New York v Spiro*, 267 AD2d 339 [1999]). Present—Hurlbutt, J.P., Centra, Fahey and Peradotto, JJ.