■ THOMAS PALERMO, Respondent, v ANTHONY TACCONE, Doing Business as AT BELLA VISTA DEVELOPMENT, et al., Defendants, and JAMES HENNING et al., Appellants. [913 NYS2d 859]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered June 4, 2009 in a breach of contract action. The judgment awarded plaintiff a money judgment upon a nonjury verdict.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law and the facts by vacating the award of damages against defendants James Henning and Christine Henning, doing business as JLH Enterprise, for plaintiff's share of the 2007 and 2008 profits, vacating the award of attorneys' fees against those defendants and reducing the amount of the award of damages for conversion against those defendants to $12,000, and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages based on defendants' conversion of certain equipment. After the City of Rochester (City) terminated its contract with plaintiff for lawn mowing services, plaintiff and defendant Anthony Taccone, doing business as AT Bella Vista Development (hereafter, Taccone), successfully rebid for the contract under Taccone's business name. Pursuant to their oral agreement, plaintiff and Taccone were to perform the work of the

contract together, using plaintiff's equipment and property allegedly leased by plaintiff, where the equipment was stored. According to plaintiff, Taccone withheld plaintiff's share of the profits from the contract. Plaintiff also alleged that Taccone, as well as defendants James Henning and Christine Henning, doing business as JLH Enterprise (collectively, Henning defendants), changed the locks and installed a new alarm system at the property, thus preventing plaintiff from accessing his equipment. The Henning defendants appeal from a judgment following a nonjury trial that awarded plaintiff, inter alia, damages in the amount of $286,110.61 plus interest against each Henning defendant.

We agree with the Henning defendants that Supreme Court erred in awarding plaintiff damages in the amount of $169,536.09 against the Henning defendants for his share of the 2007 and 2008 profits of the contract, and we therefore modify the judgment accordingly. The court found that the conversion that prevented plaintiff from performing the work of the contract during 2007 and 2008 occurred when Taccone denied plaintiff the right of possession of certain equipment integral to the performance of the contract at the time the police came to the property in April 2008, when Taccone sold certain equipment without authorization and when the Henning defendants refused to return plaintiff's 72-inch lawn mower (lawn mower). Inasmuch as the lawn mower was unfit for the work of the contract and the conversion of the rest of the equipment occurred in April 2008, plaintiff would be entitled to recover damages for his share of the profits in 2007 only under the second cause of action, for breach of contract. That cause of action, however, is asserted only against Taccone, and plaintiff did not otherwise seek damages against the Henning defendants with respect to the 2007 profits (*see generally Douglass v Wolcott Stor. & Ice Co., Inc.*, 251 App Div 79, 80 [1937]).

Contrary to plaintiff's contention, the Henning defendants preserved for our review their contention with respect to plaintiff's share of the 2008 profits of the contract (*cf. Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). We note that "[t]he usual measure of damages for conversion is the value of the property at the time and place of conversion, plus interest . . . Profits lost are generally disallowed . . . , [al]though they may be recoverable if they may reasonably be expected to follow from the conversion" (*Fantis Foods v Standard Importing Co.*, 49 NY2d 317, 326 [1980]; *see Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc.*, 52 AD3d 674, 676 [2008]). Damages from the loss of future profits must "be capable of measurement

based upon known reliable factors without undue speculation" (*Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]), i.e., they must be "established with reasonable certainty" (*id.* at 405). Here, plaintiff failed to demonstrate that he would have earned any profits in 2008 under the contract in the event that the equipment in question had been returned to him prior to the 2008 mowing season (*cf. Ashland Mgt.*, 82 NY2d at 403, 405). Further, plaintiff admitted that he could not have re-bid the contract in his own name after his prior contract with the City was terminated (*see* City of Rochester Code § 8A-7 [G] [2] [h]).

We also conclude that the court erred in awarding plaintiff attorneys' fees against the Henning defendants in the amount of $43,558.25, and we therefore further modify the judgment accordingly. "Under the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the [losing parties] unless an award is authorized by agreement between the parties or by statute or court rule" (*Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]; *see Baker v Health Mgt. Sys.*, 98 NY2d 80, 88 [2002], *rearg denied* 98 NY2d 728 [2002]). An exception to that general rule exists when parties have "acted with 'disinterested malevolence' [and have] . . . 'intentionally [sought] to inflict economic injury on [another party] by forcing [him or her] to engage legal counsel'" (*Anniszkiewicz v Harrison*, 291 AD2d 829, 830 [2002], *lv denied* 98 NY2d 611 [2002]; *see Rinaudo v City of Rochester*, 148 AD2d 984 [1989]). Viewing the evidence in the light most favorable to plaintiff (*see generally Home Insulation & Supply, Inc. v Buchheit*, 59 AD3d 1078 [2009]; *Treat v Wegmans Food Mkts., Inc.*, 46 AD3d 1403, 1404-1405 [2007]), however, we conclude that the record does not establish that the exception is applicable here.

We agree with the Henning defendants that the court erred in awarding plaintiff damages in the amount of $73,016.27 for conversion, based on its determination that they were jointly liable with Taccone for the full value of the converted property. "When two or more tort[ ]feasors act concurrently or in concert to produce a single injury, they may be held jointly and severally liable . . . On the other hand, where multiple tort[ ]feasors 'neither act in concert nor contribute concurrently to the same wrong, they are not joint tort[ ]feasors; rather, their wrongs are independent and successive'" (*Ravo v Rogatnick*, 70 NY2d 305, 309-310 [1987], quoting *Suria v Shiffman*, 67 NY2d 87, 98 [1986], *rearg denied* 67 NY2d 918 [1986]; *see Said v Assaad*, 289 AD2d 924, 927 [2001], *lv dismissed* 99 NY2d 532 [2002]).

Further, "[t]o establish a cause of action in conversion, the

plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant[s] exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights" (*Five Star Bank v CNH Capital Am., LLC,* 55 AD3d 1279, 1281 [2008] [internal quotation marks omitted]). "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession . . . Two key elements of conversion are (1) plaintiff's possessory right or interest in the property . . . and (2) defendant[s'] dominion over the property or interference with it, in derogation of plaintiff's rights" (*Colavito v New York Organ Donor Network, Inc.,* 8 NY3d 43, 49-50 [2006]).

Viewing the evidence in the light most favorable to plaintiff (*see generally Home Insulation & Supply, Inc.,* 59 AD3d 1078 [2009]; *Treat,* 46 AD3d at 1404-1405), we conclude that there is no fair interpretation of the evidence supporting the court's determination that the Henning defendants and Taccone are jointly liable for the full amount of plaintiff's converted property. The Henning defendants were not present when Taccone refused to return plaintiff's property, nor was a representative of the Henning defendants present at that time, and there is no evidence that the Henning defendants and Taccone acted in concert for any enterprise beyond changing the locks at the property, which James Henning also claimed to rent and for which plaintiff did not have a written lease at the time the locks were changed.

Finally, although the Henning defendants correctly concede that they are jointly liable with Taccone for the value of the lawn mower, they contend that the lawn mower had a value of $11,000 and thus the award against them for conversion should be reduced to that amount. We reject that contention. Plaintiff testified that the lawn mower was worth "around [11,000, 12,000] dollars." The Henning defendants failed to present an adequate record to determine the accurate value of the lawn mower (*see generally de Vries v Metropolitan Tr. Auth.,* 11 AD3d 312, 313 [2004]), and thus we conclude that the lawn mower should be valued at $12,000 pursuant to plaintiff's testimony. We therefore further modify the judgment accordingly. Present—Centra, J.P., Fahey, Peradotto, Lindley and Green, JJ.