# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

237

CA 12-01125

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF DANIEL KARLIN,
PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

MALCOLM R. CULLY, SUPERINTENDENT, COLLINS
CORRECTIONAL FACILITY AND ANDREA W. EVANS,
CHAIRWOMAN, NEW YORK STATE DIVISION OF PAROLE,
RESPONDENTS-RESPONDENTS.

---

DANIEL KARLIN, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (WILLIAM E. STORRS OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered May 2, 2012 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment dismissing his petition pursuant to CPLR article 78 seeking to annul the determination of the New York State Division of Parole (Parole Board) in May 2011, denying him parole release for the fourth time. "Petitioner is currently serving an aggregate term of 12 to 36 years in prison having been convicted in two different counties of numerous sex crimes involving young boys whom he supervised while he was employed as a camp counselor" (*Matter of Karlin v New York State Div. of Parole*, 77 AD3d 1015, 1015; *see Matter of Karlin v Alexander*, 57 AD3d 1156, 1156, *lv denied* 12 NY3d 704). While incarcerated, petitioner obtained his bachelor's degree and successfully participated in and led several programs. Nevertheless, "[d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined" (Executive Law § 259-i [2] [c] [A]; *see Matter of Silmon v Travis*, 95 NY2d 470, 476; *Matter of Gaston v Berbary*, 16 AD3d 1158, 1159). We reject the contention of petitioner that the Parole Board failed to consider the positive aspects of his institutional record and based its determination solely upon the seriousness of the crimes (*cf. Matter of King v New York State Div. of Parole*, 190 AD2d 423, 432-433, *affd* 83 NY2d 788; *Matter of Johnson v New York State Div. of*

*Parole*, 65 AD3d 838, 839).  Although the Parole Board focused on the "deviant" nature of petitioner's crimes, it "also considered petitioner's program accomplishments, clean disciplinary record and postrelease plans in making its decision" (*Karlin*, 77 AD3d at 1015; *see Silmon*, 95 NY2d at 476-477).  Further, the Parole Board noted that, while petitioner's behavior had improved since his last parole interview, it was concerned with the "multiple disciplinary violations" that petitioner had accumulated before 2007.  We conclude that there was no "showing of irrationality bordering on impropriety" with respect to the Parole Board's determination, and thus there is no basis for judicial intervention (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77; *see Silmon*, 95 NY2d at 476).  Finally, "[p]etitioner failed to raise [his equal protection claim] in his administrative appeal and thus has failed to exhaust his administrative remedies with respect to that contention" (*Matter of Shapard v Zon*, 30 AD3d 1098, 1099).

Entered:  March 22, 2013                          Frances E. Cafarell
                                                  Clerk of the Court