# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

600

CA 12-01504

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF MICHAEL GONZALEZ,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DALE ARTUS, SUPERINTENDENT, GOWANDA CORRECTIONAL
FACILITY, AND BRIAN FISCHER, COMMISSIONER, NEW
YORK STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS.

---

MICHAEL GONZALEZ, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Penny M. Wolfgang, J.), dated June 26, 2012 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus. Supreme Court (Feroleto, J.) converted the proceeding to one pursuant to CPLR article 78. The case was then assigned to a different Supreme Court Justice (Wolfgang, J.), who ultimately dismissed the petition. Petitioner appeals, and we affirm.

Respondents concede that the record does not conclusively establish that petitioner failed to exhaust his administrative remedies, and thus we reach the merits of this appeal (*cf. generally Matter of Karlin v Cully*, 104 AD3d 1285, 1286). Here, petitioner pleaded guilty to violating two conditions of his parole. Petitioner now challenges the parole revocation determination on the ground that one of the conditions of parole at issue, i.e., the condition precluding fraternization with any person petitioner knows to have a criminal record (fraternization condition) (*see* 9 NYCRR 8003.2 [g]), is unconstitutionally vague. That challenge survives petitioner's guilty plea (*see People v Hansen*, 95 NY2d 227, 231 n 2; *People v Lee*, 58 NY2d 491, 494), but is not properly before us inasmuch as the record does not establish that it was raised before the motion court (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985; *cf. Palermo v Taccone*, 79 AD3d 1616, 1618). Petitioner's further contention that

the fraternization condition was arbitrarily applied to him is foreclosed by his guilty plea (*see Hansen*, 95 NY2d at 231 n 3; *People v Rodriguez*, 55 NY2d 776, 777). Additionally, with respect to both of the conditions of parole at issue, we note that petitioner's "plea of guilty . . . precludes [a] challenge to the legal sufficiency of the evidence of guilt" and, "[i]n any event, the guilty plea constitutes substantial evidence of his guilt" (*Matter of Holdip v Travis*, 9 AD3d 825, 826). We have reviewed petitioner's remaining contention and conclude that it lacks merit.

Entered: June 14, 2013                                        Frances E. Cafarell
                                                             Clerk of the Court