Spain, J.
Appeal from an order of the Surrogate’s Court of Greene County (Pulver Jr., S.), entered November 9, 2012, which, among other things, granted respondent’s motion to revoke the preliminary letters testamentary issued to petitioner and appoint respondent as temporary administrator of the estate of James J. Brennan.
James J. Brennan (hereinafter decedent) died testate on January 4, 2009. Petitioner and respondent were among his nephews, and decedent named petitioner as executor of his estate. Petitioner sought to probate the will and was issued preliminary letters testamentary by Surrogate’s Court (see SCPA 1412). Objections were filed to the will by, among others, respondent. Thereafter, respondent moved for various relief, including the revocation of petitioner’s preliminary letters (see SCPA 711 [2]). In November 2012, the court initially found, based on the papers submitted, that respondent had met his burden of showing that petitioner had wasted or improperly applied the assets of the estate and that the hostility between the parties threatened to interfere with the administration of the estate, and revoked petitioner’s preliminary letters and issued temporary letters of administration to respondent (see SCPA 901 [1]). Petitioner appeals and argues, among other things, that the court erred in failing to conduct a hearing prior to rendering its decision. We stayed the order of the court pending appeal (2013 NY Slip Op 62038[U] [2013]).
A trial in the probate proceeding was conducted during the pendency of this appeal, following which, by decree dated *1249 December 13, 2013, Surrogate’s Court dismissed the objections, admitted decedent’s will to probate and issued letters testamentary to petitioner (see SCPA 1414 [1]). This recent decree operates to automatically revoke and extinguish respondent’s authority under the temporary letters of administration (see SCPA 1413; Matter of Durban, 175 App Div 688, 689 [1916], affd 220 NY 589 [1917]; Hastings v Tousey, 123 App Div 480, 482-483 [1908]). Thus, petitioner is no longer aggrieved. While respondent remains concerned over the alleged dissipation of estate assets, petitioner is a fiduciary in his role as executor and may, for good cause and at any time, be compelled by the court to file an accounting (see SCPA 2205, 2206). Under these circumstances, the appeal is moot, and we do not perceive this case as falling within the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; Matter of Horton, 255 AD2d 642, 643 [1998]; Matter of O’Brien, 204 AD2d 983, 983-984 [1994]). Accordingly, the appeal should be dismissed.
Stein, J.P, McCarthy and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.