Matter of Espinal v Annucci (2019 NY Slip Op 05295)





Matter of Espinal v Annucci


2019 NY Slip Op 05295


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND CURRAN, JJ.


722 CA 18-01949

[*1]IN THE MATTER OF MAURICIO ESPINAL, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered June 27, 2018 in a CPLR article 78 proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the New York State Board of Parole (Board) denying his release to parole supervision. Supreme Court properly denied the petition inasmuch as the record reflects that the Board considered the required statutory factors and adequately set forth its reasons for denying petitioner's application (see Matter of Siao-Pao v Dennison, 11 NY3d 777, 778 [2008], rearg denied 11 NY3d 885 [2008]; Matter of Hamilton v New York State Div. of Parole, 119 AD3d 1268, 1272-1273 [3d Dept 2014]) and inasmuch as the Board's determination does not exhibit "irrationality bordering on impropriety" (Matter of Kenefick v Sticht, 139 AD3d 1380, 1381 [4th Dept 2016], lv denied 28 NY3d 902 [2016] [internal quotation marks omitted]). Contrary to petitioner's contention, the Board took into account petitioner's deportation order; it was, however, only one of the factors under consideration in the Board's determination (see generally Matter of King v New York State Div. of Parole, 190 AD2d 423, 431 [1st Dept 1993], affd 83 NY2d 788 [1994]). Petitioner's contention that the Board did not comply with Executive Law § 259-c (4) and Correction Law §§ 71-a and 112 (4) was not raised in his administrative appeal, and petitioner therefore has failed to exhaust his administrative remedies with respect to that contention (see Matter of Peterson v Stanford, 151 AD3d 1960, 1961 [4th Dept 2017]; Matter of Karlin v Cully, 104 AD3d 1285, 1286 [4th Dept 2013]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court