Matter of Simmons v Eugene & Pearl Simmons Irrevocable Income Only Trust (2025 NY Slip Op 04391)

Matter of Simmons v Eugene & Pearl Simmons Irrevocable Income Only Trust

2025 NY Slip Op 04391

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, SMITH, NOWAK, AND HANNAH, JJ.

534 CA 23-01659

[*1]IN THE MATTER OF PEARL G. SIMMONS, AS SETTLOR OF AN IRREVOCABLE LIVING TRUST OF EUGENE M. SIMMONS AND PEARL G. SIMMONS, PETITIONER-APPELLANT,
v
THE EUGENE AND PEARL SIMMONS IRREVOCABLE INCOME ONLY TRUST, RESPONDENT-RESPONDENT. 

JARROD W. SMITH, ESQ., P.L.L.C., JORDAN (JARROD W. SMITH OF COUNSEL), FOR PETITIONER-APPELLANT. 
WESTFALL LAW PLLC, SYRACUSE (MELODY D. WESTFALL OF COUNSEL), FOR RESPONDENT-RESPONDENT.

 Appeal from an order of the Surrogate's Court, Onondaga County (Mary Keib Smith, S.), entered August 22, 2023. The order, among other things, dismissed the petition seeking, inter alia, dissolution of a trust. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding seeking, inter alia, dissolution of a trust, petitioner appealed from an order dismissing her petition. We note at the outset that petitioner passed away during the pendency of this appeal. Inasmuch as the trust in question dissolved by its terms upon petitioner's death, we dismiss the appeal as moot. "[A]n appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the [order]" (Matter of Hearst Corp. v Clyne , 50 NY2d 707, 714 [1980]; see generally Matter of O'Brien , 204 AD2d 983, 983-984 [4th Dept 1994]). We further conclude that this case does not fall within the exception to the mootness doctrine (see generally Hearst Corp. , 50 NY2d at 714-715).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court