■ In the Matter of the Estate of Concetta Grasta, Deceased. Michael P. Grasta, as Executor of Concetta Grasta, Deceased, Appellant; Theresa Rizzo et al., Respondents.—Decree unanimously reversed, without costs, and objections dismissed. Memorandum: In 1957 decedent Concetta Grasta purchased property at 71 Bennett Avenue, Irondequoit, New York, and a farm at 337 Lakeside Road, Ontario, New York. Although she supplied all of the consideration for the purchases, she had the title to the farm placed in the names of three of her eight children, Angelo, Michael and Carl (Angelo and Carl quitclaimed to Michael in 1959) and the Bennett Road property placed in the names of Angelo and Michael. Michael lived at the Lakeside Avenue property until 1975 when his mother died. He worked the farm during those years in addition to his regular job. He paid rent to his mother (until he was conveyed a one-acre lot out of the property in 1966 and built his own house

on the land), and all the proceeds of the farm were paid to his mother. Decedent paid the expenses of maintaining the property. The same was true with the Bennett Avenue property. In each case decedent exercised full control over the properties although she did not hold the title to them in her name. Concetta Grasta died in 1975. By her will dated July 22, 1968 she left several specific bequests and the residue of her estate to her eight children. Michael Grasta was named executor. He filed his final account listing the decedent's personal residence as the only real property of the estate. Objections were filed by the other children, claiming that the farm and the Bennett Avenue property were owned by decedent and requesting the court to declare a constructive trust on the properties. The Surrogate sustained the objections. A constructive trust will be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain it. Before relief will be granted, the objectants must prove that the title owners, Michael and Angelo, acquired the properties upon a promise, express or implied, to hold them for their mother's benefit, that she transferred the properties to them relying upon that promise and that the owners have been unjustly enriched at her expense because of their retention of the property. There was no such proof. Concededly, there was a confidential family relationship (see *Sharp v Kosmalski*, 40 NY2d 119; *Janke v Janke*, 47 AD2d 445, affd 39 NY2d 786; *Saff v Saff*, 61 AD2d 452), and the evidence was sufficient to establish that the transfers were upon the implied promise that the properties would be held for decedent's benefit during her lifetime. However, we find no unjust enrichment of Michael and Angelo. The proof established that it was decedent's intention that the properties remain with Michael and Angelo after her death. Objectants are not entitled to relief solely because two sons were preferred over their siblings by their mother. The objectants contend that the owners must have been unjustly enriched at decedent's expense, since she was the person making the transfer. On the contrary, this proof established that decedent enjoyed the beneficial interest in the property during her life and the considerable efforts of the owners to make the property productive. Decedent remained a strong-willed and clear-minded woman until her death and the evidence indicates that she intended the two properties to remain in the names of Michael and Angelo. That being her intention, her sons have not been unjustly enriched. (Appeal from decree of Monroe County Surrogate's Court—judicial settlement.) Present—Moule, J. P., Simons, Dillon, Hancock, Jr. and Denman, JJ.