■ R.G. Egan Equipment, Inc., et al., Appellants, v Polymag Tek, Inc., et al., Respondents. [787 NYS2d 574]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered July 8, 2003. The order and judgment, after a nonjury trial, dismissed the amended complaint in its entirety, granted judgment on defendants' counterclaims determining that defendants' use of the trade name or mark "Polymag" is superior, and permanently enjoined and restrained plaintiffs from using that trade name or mark.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order and judgment that, after a nonjury trial, dismissed the amended complaint in its entirety, granted judgment on defendants' counterclaims determining that defendants' use of the trade name or mark "Polymag" is superior, and permanently enjoined and restrained plaintiffs from using that trade name or mark. " '[T]he decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses' " (*Fryling v Omer Constr. Co.*, 286 AD2d 983, 983 [2001], quoting *Claridge Gardens v Menotti*, 160 AD2d 544, 544-545 [1990]; *see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992], *rearg denied* 81 NY2d 835 [1993]). Here, the parties gave conflicting testimony whether Eileen Donadio intended to abandon the trade name "Polymag," and Supreme Court had the advantage of seeing the witnesses and assessing their credibility. The evidence supports a finding that Donadio wanted Polymag "killed" because she was concerned about products liability litigation; she had no intention of being involved with the management of defendant Polymag Tek, Inc. and did not object to defendants' use of the Polymag trade name. Consequently, the court's findings of fact are supported by a fair interpretation of the evidence (*cf. Neva-Wet Corp. of Am. v Never Wet Processing Corp.*, 277 NY 163, 173-176 [1938]). The court properly refused to admit Donadio's deposition transcript as part of plaintiffs' evidence-in-chief (*see Feldsberg v Nitschke*, 49 NY2d 636, 644 [1980], *rearg denied* 50 NY2d 1059 [1980]). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.