■ VINEYARD OIL AND GAS COMPANY, Appellant-Respondent, v STAND ENERGY CORPORATION, Respondent-Appellant. [846 NYS2d 516]—

Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered November 29, 2006 in a breach of contract action. The order and judgment, after a nonjury trial, denied plaintiff's causes of action, awarded damages to defendant on the first counterclaim, dismissed the second and third counterclaims and denied all other motions and claims of the parties.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by granting judgment in favor of plaintiff and against defendant on the first cause of action and as modified the order and judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking to recover payment from defendant on three unpaid invoices for the sale and delivery of natural gas. Defendant counterclaimed for damages allegedly resulting from plaintiff's failure to deliver natural gas as required by the parties' contract. Defendant also asserted two counterclaims for fraud. After a nonjury trial on the issues of each party's damages for breach of contract and defendant's counterclaims for fraud, Supreme Court awarded damages only to defendant on its breach of contract counterclaim. We conclude that the court erred in failing to award plaintiff damages for breach of contract. Here, the uncontroverted evidence established that all three invoices were for natural gas sold and delivered for defendant's benefit and were unpaid. We thus conclude that the court's refusal to award plaintiff damages for breach of contract is not supported by any fair interpretation of the evidence, and plaintiff is entitled to judgment in the amount of $108,334.06 (*see generally Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.], 20 AD3d 168, 170 [2005]). We therefore modify the order and judgment accordingly, and we remit the matter to Supreme Court to direct the entry of judgment in the amount of $108,334.06, together with interest commencing from the date of each invoice, costs and disbursements.

We further conclude, however, that the court properly dismissed defendant's fraud counterclaims, although our reasoning differs from that of the court. In order to establish its entitlement to judgment on those counterclaims, defendant was

required to "prove a misrepresentation or a material omission of fact which was false and known to be false by [plaintiff], made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Here, defendant essentially contended that plaintiff misrepresented that the malfunction of the natural gas tap to which gas was to be delivered by plaintiff constituted a force majeure under the contract, thereby excusing plaintiff's performance, and that plaintiff concealed from defendant the fact that it failed to perform under the contract based on its financial inability to continue to purchase natural gas from other sources. Defendant further contended that plaintiff fraudulently misrepresented that it was attempting to fix the problems with the malfunctioning tap. According to the testimony of plaintiff's president, however, he believed that the inability of the tap to deliver gas was a valid force majeure situation under the contract. We conclude that a fair interpretation of the evidence supports the conclusion that plaintiff's president had a good faith belief in the applicability of the force majeure provision of the contract, and defendant thus failed to establish by clear and convincing evidence that plaintiff's reliance on that provision was knowingly false. Additionally, defendant failed to establish by clear and convincing evidence that plaintiff intentionally misled defendant into believing that gas would soon begin flowing from the broken tap. Further, defendant failed to establish what damages, if any, it incurred as a result of plaintiff's alleged misrepresentations, other than its commercially reasonable cover costs that were awarded to defendant for plaintiff's breach of contract. Defendant's fraud counterclaims thus were properly dismissed because defendant failed to prove that it incurred any damages as a result of the allegedly fraudulent misrepresentations beyond its breach of contract damages (*cf. Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956 [1986]). Present—Scudder, P.J., Gorski, Centra, Lunn and Peradotto, JJ.