■ CHRISTINE TREAT, Appellant, v WEGMANS FOOD MARKETS, INC., Respondent. [848 NYS2d 796]—

Appeal from a judgment of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered August 1, 2006 in a personal injury action. The judgment, after a nonjury trial, dismissed the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she fell at a store owned by defendant. Contrary to plaintiff's contention, Supreme Court did not err in determining after a nonjury trial that, although plaintiff established that defendant was negligent, she failed to establish that defendant's negligence was a proximate cause of the aggravation of her preexisting injuries and her need for surgery. "On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (*Claridge Gardens v Menotti*, 160 AD2d 544, 544-545 [1990]; *see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992], *rearg denied* 81 NY2d 835 [1993]; *Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170 [2005]). The evidence established that plaintiff had degenerative disease of the cervical spine before she fell in defendant's store, and defendant presented evidence at trial attributing plaintiff's need for surgery to, inter alia, her preexisting condition, rather than the fall. Indeed, one of defendant's expert physicians testified that, based upon his review of plaintiff's medical records, he would have recommended that plaintiff undergo surgery on her cervical spine prior to the fall. Although on direct examination plaintiff's surgeon attributed plaintiff's need for surgery to the fall, he testified on cross-examination that his opinion was based upon information from plaintiff that she had no neck pain prior to the fall. When presented with the information that plaintiff had sought medical treatment for neck pain a few months before she fell, plaintiff's surgeon testified that it was possible that plaintiff would have required surgery even if she had not fallen. The court had the advantage of observing the witnesses and assessing their credibility (*see R.G. Egan Equip., Inc. v Polymag Tek, Inc.*, 13 AD3d 1130 [2004]; *see also Peters v Nicotera*, 248 AD2d 969 [1998]) and, viewing the evidence in the light most favorable to sustain the judgment (*see Wayne Coop. Ins. Co. v Woodward*, 21 AD3d 1270, 1272 [2005]; *Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d at 170), we

conclude that there is a fair interpretation of the evidence to support the court's determination that defendant's negligence was not a proximate cause of the aggravation of plaintiff's preexisting injuries and plaintiff's need for surgery (*see generally Claridge Gardens*, 160 AD2d at 544-545). Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.