■ EMPIRE STATE FUEL CORP., Appellant, v WARBASSE-COGENERATION TECHNOLOGIES PARTNERSHIP, L.P., Defendant, and AMALGAMATED WARBASSE HOUSE, INC., Respondent. [871 NYS2d 140]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered February 19, 2008, in an action to recover the price of fuel delivered to a power plant built and operated by defendant Warbasse on premises owned by defendant-respondent Amalgamated, a cooperative apartment complex, insofar as appealed from, dismissing plaintiff's cause of action against Amalgamated for quantum meruit, unanimously affirmed, with costs.

The existence of a valid contract between plaintiff and Warbasse precludes plaintiff's quantum meruit claim against Amalgamated (*see Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 592-593 [2007]). In any event, even if there were no contract, there is no evidence that Amalgamated was ever billed or paid for the fuel, and the record, including plaintiff's letter to Warbasse demanding payment, otherwise establishes that plaintiff at all times understood that Warbasse, and only Warbasse, was the party responsible for ordering the fuel and paying for it. While some of the bills mailed to Warbasse's headquarters in Harrison, New York were addressed to "Amalgamated Co-Generation," there is no evidence of the existence of a company by that name and plaintiff fails to explain why it believed that Amalgamated went by that name and had its office in Harrison. Nor is there any evidence that Amalgamated, which timely paid Warbasse for the electricity and heat generated by the fuel delivered by plaintiff, was unjustly enriched by the delivery of fuel (*see Wiener v Lazard Freres & Co.*, 241 AD2d 114, 120 [1998] [receipt of benefit alone insufficient to show unjust enrichment]). We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Nardelli, Catterson and Moskowitz, JJ.