■ MARC CONTRACTING, INC., Respondent, v 39 WINFIELD ASSOCIATES, LLC, Appellant. [880 NYS2d 346]—

In an action, inter alia, to recover damages in quantum meruit and for unjust enrichment, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated April 10, 2008, as denied those branches of its motion which were for summary judgment dismissing the second and third causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 7, 2001 Marc Castaldi and John Lium signed an operating agreement forming the defendant 39 Winfield Associates, LLC, to purchase and renovate premises located at 39 Winfield Avenue in Harrison, New York, and then resell the premises at a profit. Under the terms of the operating agreement, Castaldi was to provide his services in connection with the construction of the project "without compensation except for reimbursement at cost for expenses incurred" on the defendant's behalf. The defendant purchased the Winfield Avenue premises in October 2001 and over the course of the next 18 months, extensive construction and renovation work was performed by the plaintiff Marc Contracting, Inc. It is undisputed that Castaldi is the plaintiff's principal and sole shareholder, and following the sale of the premises, a dispute arose as to whether the plaintiff's compensation for the work it performed on the project should be limited to reimbursement of its actual construction expenses at cost, or should include overhead and profits.

The plaintiff subsequently commenced this action seeking, in its second and third causes of action, to recover damages for the services it provided to the defendant on theories of quantum meruit and unjust enrichment. The defendant thereafter moved, inter alia, for summary judgment dismissing the second and third causes of action, arguing that the plaintiff could not recover on the quasi-contract theories of quantum meruit and unjust enrichment because it was Castaldi's alter ego and, thus, bound by the provision of the operating agreement requiring him to provide his services without compensation. The defendant further argued that the plaintiff could not recover on a quantum meruit theory because Castaldi had admitted that his company had no expectation of receiving a profit. In the order appealed from, the Supreme Court denied those branches of the

defendant's motion which were for summary judgment dismissing the second and third causes of action. We affirm the order insofar as appealed from.

As a general rule, the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract on theories of quantum meruit and unjust enrichment for events arising out of the same subject matter (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *see also IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132 [2009]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 20 [2008]; *Empire State Fuel Corp. v Warbasse-Cogeneration Tech. Partnership, L.P.*, 58 AD3d 534 [2009]; *Whitman Realty Group, Inc. v Galano*, 41 AD3d 590 [2007]). Although the defendant contends that its own operating agreement constitutes such a valid and enforceable contract, the plaintiff was not a party to this agreement, no reference was made in it to any services to be provided by the plaintiff, and it was signed by Castaldi in his individual capacity. Thus, the operating agreement did not create an enforceable legal obligation requiring the plaintiff to perform its services at cost (*see Perrino v MTS Funding, Inc.*, 14 AD3d 865 [2005]). Furthermore, we reject the defendant's contention that the doctrine of piercing the corporate veil is applicable to bind the plaintiff to the operating agreement because it is Castaldi's alter ego. The doctrine of piercing the corporate veil allows the court to disregard the corporate form and hold individual shareholders responsible for corporate obligations in order to prevent fraud or achieve equity (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993]; *Walkovszky v Carlton*, 18 NY2d 414, 417 [1966]). It is "typically employed by a third party to go behind the corporate existence in order to circumvent the limited liability of the owners" (*Matter of Morris*, 82 NY2d at 140-141). Under the circumstances of this case, we reject the defendant's contention that the doctrine of piercing the corporate veil can be utilized to bind the plaintiff to the operating agreement.

Furthermore, the court properly concluded that the defendant is not entitled to summary judgment dismissing the second cause of action to recover on the theory of quantum meruit on the ground that the plaintiff had no expectation that it would receive any profit for its services. The various letters submitted by the defendant in support of its motion were insufficient to demonstrate the absence of a triable issue of fact as to whether the plaintiff performed its services without an expectation of payment beyond reimbursement of its actual construction costs

(see *Jaspan Schlesinger Hoffman, LLP v Bernstein*, 31 AD3d 610 [2006]; *Matter of Alu*, 302 AD2d 520 [2003]).

The defendant's challenge to the measure of damages which the plaintiff seeks to recover is raised for the first time on appeal.

The defendant's remaining contentions are without merit. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.