■ DAVID M. AHLERS et al., Respondents, v ECOVATION, INC., et al., Defendants, and W. JEROME FRAUTSCHI et al., Appellants. [905 NYS2d 398]—

Appeals from an order of the Supreme Court, Ontario County (Kenneth R. Fisher, J.), entered October 7, 2009 in an action for, inter alia, breach of fiduciary duty. The order, insofar as appealed from, denied in part the motions of defendants-appellants to dismiss the second amended complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs, former minority shareholders of defendant Ecovation, Inc. (Ecovation), commenced this action for, inter alia, breach of fiduciary duty and unjust enrichment as a result of defendants' alleged misconduct during a series of transactions culminating in a merger agreement between Ecovation and defendant Ecolab, Inc. Two groups of defendants, i.e., the former directors of Ecovation, as well as two former controlling shareholders of Ecovation and several entities controlled by them (collectively, defendants), appeal from an order that, inter

alia, denied those parts of their respective motions to dismiss the second through fourth and ninth causes of action against them.

Contrary to defendants' contention, plaintiffs have standing to assert the second through fourth and ninth causes of action. Under Delaware law, which we must apply to the issue of standing inasmuch as Delaware is the state of incorporation (*see generally Sweeney, Cohn, Stahl & Vaccaro v Kane*, 6 AD3d 72, 75 [2004], *lv dismissed* 3 NY3d 751 [2004]), "a corporate merger generally extinguishes a plaintiff's standing to maintain a derivative [action] . . . [because] a derivative claim is a property right owned by the nominal corporate defendant [and] that right flows to the acquiring corporation by operation of a merger" (*Feldman v Cutaia*, 951 A2d 727, 731 [Del 2008]). A direct action, however, survives a corporate merger because the relief flows directly to the stockholders rather than to the corporation (*see generally Gentile v Rossette*, 906 A2d 91, 99-100 [Del 2006]; *Parnes v Bally Entertainment Corp.*, 722 A2d 1243, 1245 [Del 1999]). Here, the second through fourth causes of action are both derivative and direct in nature because plaintiffs allege that "(1) . . . stockholder[s] having . . . effective control cause[d Ecovation] to issue 'excessive' shares of its stock in exchange for assets of the controlling stockholder[s] that have a lesser value; and (2) the exchange cause[d] an increase in the percentage of the outstanding shares owned by the controlling stockholder[s], and a corresponding decrease in the share percentage owned by the . . . (minority) shareholders" (*Gentile*, 906 A2d at 100).

Further, the second through fourth causes of action, as well as the ninth cause of action, are direct in nature because plaintiffs have "challenge[d] the validity of the merger itself, . . . by charging [defendants] with breaches of fiduciary duty resulting in unfair dealing" (*Parnes*, 722 A2d at 1245). Specifically, plaintiffs allege that the merger agreement was the product of unfair dealing inasmuch as it was knowingly designed to enrich two of the controlling shareholders at the expense of the common shareholders (*see id.*).

Contrary to defendants' further contention, the ninth cause of action, for unjust enrichment, is not barred by the existence of a valid contract, i.e., the merger agreement. Plaintiffs have alleged that the merger agreement was invalid (*see generally IIG Capital LLC v Archipelago, L.L.C.*, 36 AD3d 401, 405 [2007]) and, in any event, plaintiffs are not parties to the merger agreement (*see Marc Contr., Inc. v 39 Winfield Assoc., LLC*, 63 AD3d 693, 695 [2009]).

Finally, when viewed as a whole, the second amended complaint alleges sufficient control by defendants over the series of transactions that plaintiffs allege as the basis for their claims (*see generally Gatz v Ponsoldt*, 925 A2d 1265, 1275 [Del 2007]; *Rhodes v Silkroad Equity, LLC*, 2007 WL 2058736, *4-5, 2007 Del CH LEXIS 96, *13-20 [2007]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.