# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**387**
**CA 10-01205**

PRESENT: CENTRA, J.P., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

KENNETH ASH, PLAINTIFF-RESPONDENT,

                  V                    MEMORANDUM AND ORDER

WINDOW SPECIALIST, INC., DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

NESPER, FERBER & DIGIACOMO, LLP, AMHERST (GABRIEL J. FERBER OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAW OFFICE OF PHILIP A. MILCH, BUFFALO (PHILIP A. MILCH OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Niagara County
(Ralph A. Boniello, III, J.), entered May 3, 2010 in a breach of
contract action. The judgment awarded plaintiff the sum of
$184,053.23.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
defendant's alleged breach of the parties' employment agreement.
Following a bench trial, Supreme Court concluded that defendant failed
to pay plaintiff bonuses owed to him, and calculated the amount of
those bonuses pursuant to the formula for computing such bonuses set
forth in the employment agreement. Under that formula, plaintiff was
to receive 50% of "Net Sales" as a bonus, defined as "gross sales
received by [defendant] for window installations performed by crews
supervised by [plaintiff], less 48% thereof for overhead, less the
cost of goods sold by such crews, and less direct labor costs of such
crews."

" 'On a bench trial, the decision of the fact-finding court
should not be disturbed upon appeal unless it is obvious that the
court's conclusions could not be reached under any fair interpretation
of the evidence' " (*Treat v Wegmans Food Mkts*., *Inc*., 46 AD3d 1403,
1404). Contrary to defendant's contention, a fair interpretation of
the evidence supports the court's conclusion that the expenses
identified by defendant as "direct cost of sales" are encompassed
within categories of expenses already deducted from "Net Sales"
pursuant to the employment agreement. The court therefore properly
calculated plaintiff's bonus without deducting "direct cost of sales"
from "Net Sales" in determining the bonus to which plaintiff was

entitled.

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court