# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**40**

**CA 12-00176**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE ESTATE OF EVELYN SONNELITTER, DECEASED,
GARY SONNELITTER, EXECUTOR, AND SONNELITTER
FAMILY TRUST,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

THE ESTATE OF JOSEPH WHITE, DECEASED, CAROL
ALABISO, EXECUTOR, DEFENDANT-RESPONDENT-APPELLANT,
CAROL ALABISO, GERALD MCCLAIN WHITLEY AND MCCLAIN
PROPERTIES, LLC, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

HOGAN WILLIG, PLLC, AMHERST (COREY HOGAN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS-RESPONDENTS.

KEENAN LAW CENTER, P.C., HAMBURG (JOHN J. KEENAN OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT THE ESTATE OF JOSEPH WHITE, DECEASED,
CAROL ALABISO, EXECUTOR.

LAWRENCE C. BROWN, CHEEKTOWAGA, FOR DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------

Appeal and cross appeal from a judgment of the Supreme Court,
Niagara County (Ralph A. Boniello, III, J.), entered July 26, 2011.
The judgment decreed that Joseph White breached his fiduciary duty to
the Sonnelitter Family Trust, awarded plaintiffs money damages against
White and otherwise dismissed plaintiffs' causes of action.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Gary Sonnelitter (plaintiff) is the executor of his
deceased mother's estate. Prior to her death, plaintiff's mother
(decedent) was advised by her accountant, Joseph White, who is also
deceased but whose estate has been sued herein, to establish a trust
for the purpose of more readily qualifying her for Medicaid, should
the need arise for her to enter a nursing home. The only asset placed
into the trust was a condominium owned by decedent in Florida.
Decedent, a widow, lived in Lockport, and the condominium had not been
used for several years at the time the trust was created in November
2000. Although White recommended that plaintiff serve as trustee,
plaintiff declined the appointment, and White therefore became
trustee. On February 25, 2003, while decedent was still alive, White
sold the condominium for $127,000 to defendant McClain Properties,

LLC, which was controlled by White's friend and business associate, defendant Gary McClain Whitley.

Decedent died after the property was transferred, and plaintiff thereafter commenced this action on behalf of her estate and the trust. According to plaintiff, White sold the property to Whitley for below market value and did so with the intent of surreptitiously obtaining the property for himself and his girlfriend, defendant Carol Alabiso. The complaint asserted a cause of action for breach of fiduciary duty against White only, and causes of action for fraud and unjust enrichment against all defendants.

Following a nonjury trial, Supreme Court awarded judgment to plaintiff on the cause of action for breach of fiduciary duty, and directed White to pay damages of $43,000, plus interest from the date of sale, representing the difference between the sale price, $127,000, and what the court determined to be the property's market value, $185,000, minus eight percent for closing costs. Plaintiff contends on appeal that the court erred in dismissing his causes of action for fraud and unjust enrichment, and erred in denying his request for appreciation damages. On his cross appeal, White contends, inter alia, that the court erred in finding him liable under the cause of action for breach of fiduciary duty. We affirm.

To prevail on a cause of action for fraud, a plaintiff must "prove a misrepresentation or a material omission of fact which was false and known to be false by [the defendant], made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Vineyard Oil & Gas Co. v Stand Energy Corp.*, 45 AD3d 1291, 1293 [internal quotation marks omitted]; *see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421). "[L]iability for fraud may be premised on knowing participation in a scheme to defraud, even if that participation does not by itself suffice to constitute the fraud" (*Kuo Feng Corp. v Ma*, 248 AD2d 168, 168-169, *appeal dismissed* 92 NY2d 845, *lv denied* 92 NY2d 809; *see CPC Intl. v McKesson Corp.*, 70 NY2d 268, 286). Evidence of fraud may be circumstantial (*see Kuo Feng Corp.*, 248 AD2d at 169), but the fraud must be proved by clear and convincing evidence (*see Vineyard Oil & Gas Co.*, 45 AD3d at 1293).

"In a nonjury trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Mohan v State of New York*, 110 AD3d 573, 573 [internal quotation marks omitted]; *see Treat v Wegmans Food Mkts., Inc.*, 46 AD3d 1403, 1404). Here, the cause of action for fraud was premised on plaintiff's theory that White and defendants acted together in a scheme to defraud decedent by making it appear as if the condominium had been sold for market value in an arm's length transaction to a third party, when in fact White was the real purchaser for a price well below market value. Although plaintiff introduced circumstantial evidence of such a scheme at trial, there was contrary evidence as

well, including the testimony of White, Whitley and Alabiso, all of whom denied that White was the true purchaser of the property. Giving deference to the credibility determinations of the court, which had the benefit of seeing the witnesses and assessing their demeanor, we conclude that, although a different verdict on the cause of action for fraud would not have been unreasonable, the court's determination is based on a fair interpretation of the evidence.

We further conclude that plaintiff's cause of action for unjust enrichment is foreclosed by the existence of a valid and enforceable contract (*see Corsello v Verizon N.Y., Inc*., 18 NY3d 777, 790-791, *rearg denied* 19 NY3d 937; *LaBarte v Seneca Resources Corp*., 285 AD2d 974, 976). Although the contract price was below market value, plaintiff prevailed on his cause of action for breach of fiduciary duty against White, thus rendering the cause of action for unjust enrichment duplicative. As the Court of Appeals has explained, "[a]n unjust enrichment [cause of action] is not available where it simply duplicates, or replaces, a conventional contract or tort [cause of action]" (*Corsello*, 18 NY3d at 790).

We reject plaintiff's contention that the court erred in denying his request for appreciation damages. Appreciation damages are appropriate where a trustee sells property he or she was duty-bound to retain, "the theory being that the beneficiaries are entitled to be placed in the same position they would have been in had the breach not consisted of a sale of property that should have been retained" (*Scalp & Blade v Advest, Inc*., 309 AD2d 219, 227 [internal quotation marks omitted]; *see Matter of Rothko*, 43 NY2d 305, 320-321). Here, White had no duty to retain decedent's condominium; in fact, the record establishes that there were many good reasons for White to sell the property, which was not being used and cost decedent between $6,000 and $8,000 annually to maintain. Moreover, as noted, White was not found to have engaged in fraudulent conduct. Under the circumstances, we conclude that the court properly denied plaintiff's request for appreciation damages.

Finally, we have reviewed White's contentions on his cross appeal and conclude that they lack merit.

Entered: March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court