■ DAVID M. AHLERS et al., Appellants, v ECOVATION, INC., et al., Defendants, and W. JEROME FRAUTSCHI et al., Respondents. [58 NYS3d 799]—

Appeal from an order of the Supreme Court, Ontario County (Matthew A. Rosenbaum, J.), entered October 3, 2016. The order granted the motions of defendants W. Jerome Frautschi, W. Jerome Frautschi Living Trust, Pleasant T. Rowland Revocable Trust, The Pleasant T. Rowland Foundation, Inc., and the Overture Foundation, Inc. and defendants David Call, Diane

C. Creel, Creighton Early, Richard Kollauf, Rita Oberle, David Patchen, Robert Sheh, Philip Strawbridge, and George Slocum for summary judgment dismissing plaintiffs' third amended complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: We affirm for reasons stated in the decision at Supreme Court. We write only to note that, with respect to plaintiffs' cause of action for unjust enrichment, although "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *see Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572 [2005]), where, as here, the plaintiffs are not parties to the subject agreements, an unjust enrichment cause of action is not foreclosed (*see Ahlers v Ecovation, Inc.*, 74 AD3d 1889, 1890 [2010]; *Marc Contr., Inc. v 39 Winfield Assoc., LLC*, 63 AD3d 693, 695 [2009]). We nonetheless conclude that the court properly granted those parts of defendants-respondents' respective motions for summary judgment seeking dismissal of that cause of action. It is well settled that "[t]he essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972]). Here, we conclude that defendants-respondents met their initial burden of establishing that there was no unjust enrichment on their part, and plaintiffs failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Harrison v Harrison*, 57 AD3d 1406, 1408 [2008]). Present— Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.