■ ROBERT F. ROSSI, as Executor of the Estate of ALBERTA M. ROSSI, Deceased, Respondent, v PATRICIA A. MORSE, Appellant. [61 NYS3d 438]—

Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered May 2, 2016. The order, inter alia, determined the rights of the parties to various financial accounts.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Alberta M. Rossi (decedent) commenced this action seeking to impose a constructive trust on money held by her daughter, defendant. After a nonjury trial, decedent died and plaintiff was thereafter substituted as executor of decedent's estate. Supreme Court issued an order (liability order) determining that decedent was entitled to a constructive trust on the funds that were transferred to defendant and ordering an accounting. After receiving the audit that was performed by an accountant chosen by the parties, the court issued an order (damages order) that, inter alia, granted decedent possession of certain accounts. Defendant now appeals from the damages order.

Initially, we reject plaintiff's contention that, having failed to appeal from the liability order, defendant has waived her right to pursue an appeal from any part of that order. The appeal from the damages order, although not titled a judgment, brings up for review the non-final liability order (see generally CPLR 5501 [a] [1]). We therefore address the merits of defendant's contentions.

Viewing the evidence in the light most favorable to decedent,

we conclude that a fair interpretation of the evidence supports the court's determination in the liability order to impose a constructive trust (*see Beason v Kleine*, 96 AD3d 1611, 1613 [2012]; *see generally A&M Global Mgt. Corp. v Northtown Urology Assoc., P.C.*, 115 AD3d 1283, 1286 [2014]). In general, a constructive trust may be imposed where there is "(1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment" (*Bankers Sec. Life Ins. Socy. v Shakerdge*, 49 NY2d 939, 940 [1980], *rearg denied* 50 NY2d 929 [1980]; *see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Matter of Thomas*, 124 AD3d 1235, 1237 [2015]). "Inasmuch as a constructive trust is an equitable remedy, however, 'courts do not rigidly apply the elements but use them as flexible guidelines' " (*Beason*, 96 AD3d at 1613).

Contrary to defendant's contention, the record establishes that "a relationship of trust and confidence did exist between the parties" (*Sharp*, 40 NY2d at 121; *see Matter of Grasta*, 61 AD2d 1120, 1121 [1978], *affd* 45 NY2d 999 [1978]). Before their relationship became strained and decedent commenced this action, it was undisputed that decedent and defendant lived together and were close, and decedent trusted defendant to handle her financial affairs when decedent no longer wanted to continue doing so or was unable to do so. Also contrary to defendant's contention, the evidence established that a promise was made that defendant would use the money only for decedent's needs during her lifetime and that decedent transferred her money to accounts in defendant's name based on that promise (*see generally Matter of Chicola*, 224 AD2d 1005, 1006 [1996]). Decedent made or was involved with all the investment decisions regarding the transferred money, and the withdrawals from the accounts were given to decedent for her use and were not for defendant's use. We therefore reject defendant's contention that the transfers were a gift to her. Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.