Hawk Mtn. LLC v RAM Capital Group LLC (2021 NY Slip Op 01349)





Hawk Mtn. LLC v RAM Capital Group LLC


2021 NY Slip Op 01349


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 450359/18 Appeal No. 13272 Case No. 2020-02874 

[*1]Hawk Mountain LLC et al., Plaintiffs-Appellants,
v
RAM Capital Group LLC, Defendant-Respondent.


Diamond McCarthy LLP, New York (Allan B. Diamond of counsel), and McDermott Will & Emery, Washington DC (Michael B. Kimberly of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellants.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Todd G. Beattie of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered February 7, 2020, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the amended complaint, unanimously reversed, on the law, with costs, and the motion denied.
In opposition to defendant's initial showing that the time in which to commence this action to recover a debt owed on a promissory note has expired, plaintiffs raised an issue of fact as to whether a Separation and Distribution Agreement (SDA) executed by nonparties Gigi Jordan and Raymond A. Mirra, Jr. — plaintiffs' and defendant's agents, respectively — acknowledged the debt and defendant's obligation to pay it within the meaning of General Obligations Law § 17-101 (see generally Renk v Renk, 188 AD3d 502 [1st Dept 2020]; Zarintash v Kopple, 234 AD2d 105 [1st Dept 1996]). The SDA provides, in pertinent part, that defendant "agrees to make full payment and satisfaction [of] all of the outstanding indebtedness plus accrued interest" that it owes plaintiffs, and one of the schedules annexed to the SDA includes the amount owed by defendant to plaintiffs on a note, as well as accrued interest on that amount. Although the SDA does not specify that the scheduled note is the note at issue in this action and the amounts listed in the schedule annexed to the SDA differ from those asserted in the complaint, plaintiffs allege that the scheduled note identified in the SDA refers to the note at issue here. On this motion to dismiss, we must accept the factual allegations in the complaint as true, accord plaintiffs the benefit of every favorable inference, and accept as true plaintiffs' submissions in opposition to the motion (Hakim v Hakim, 99 AD3d 498, 501 [1st Dept 2012]).
Moreover, even though the amount listed in the scheduled note annexed to the SDA differs from that asserted in the complaint, there is no requirement that an acknowledgement of a debt pursuant to General Obligations Law § 17-101 leave no room for doubt as to the nature and quantum of the debt to be acknowledged. Instead, an acknowledgement of a debt need only "recognize an existing debt and . . . contain nothing inconsistent with an intention on the part of the debtor to pay it" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976] [emphasis added]; see Banco do Brasil v State of Antigua & Barbuda, 268 AD2d 75, 77 [1st Dept 2000]; see also Maidman Family Parking L.P. v Wallace Indus., Inc., 115 AD3d 1162, 1165 [3d Dept 2016]; Knoll v Datek Sec. Corp., 2 AD3d 594, 595 [2d Dept 2003]). Here, plaintiffs have raised an issue of fact as to whether the SDA recognized defendant's existing debt, and was not inconsistent with defendant's intent to pay it.
Further, defendant failed to demonstrate as a matter of law that it was released from plaintiffs' claim in this action by virtue of a mutual general release executed by Jordan and Mirra when they entered into the SDA. The release states[*2], among other things, that the "Jordan Releasing Parties" release the "Mirra Released Parties" (i.e., Jordan and Mirra and their respective affiliates) from any claims that may have existed at any time on or before the date of the release. However, the release contains a carveout provision in the same paragraph that states, in pertinent part, "Notwithstanding anything herein to the contrary, Jordan is not releasing hereby Mirra from Claims that arise under the express terms and conditions of, and specified in, the [SDA]."
The parties agree that Delaware law controls the interpretation of the release in this action. Under Delaware Law, the release's carveout provision is ambiguous, i.e., "reasonably or fairly susceptible of different interpretations" (Sanders v Wang, 1999 WL 1044880, *6, 1999 Del Ch LEXIS 203, *19 [Nov. 8, 1999, No. 16640] [internal quotation marks omitted], quoted in Feldman v National Westminster Bank, 303 AD2d 271, 271 [1st Dept 2003], lv denied 100 NY2d 505 [2003]). The release's carveout provision may reasonably be understood to exclude release of a claim, like the scheduled note, that was "specified in the [SDA]." Read literally, as defendant urges, the release would exclude all claims except those held by Jordan personally, however, excluding
those claims would render much of the SDA meaningless or illusory (see Estate of Osborn v Kemp, 991 A2d 1153, 1159 [Del 2010]). Accordingly, defendant failed to establish as a matter of law that the action should be dismissed on the basis of the release.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021