Van Scoter v Porter (2021 NY Slip Op 02692)





Van Scoter v Porter


2021 NY Slip Op 02692


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1026 CA 19-01692

[*1]JOHN C. VAN SCOTER, INDIVIDUALLY AND AS TRUSTEE OF THE JOHN VAN SCOTER 2010 REVOCABLE TRUST, PLAINTIFF-APPELLANT-RESPONDENT,
v
SARAH RUTH PORTER, DEFENDANT-RESPONDENT-APPELLANT. 






UNDERBERG & KESSLER LLP, BUFFALO (THOMAS F. KNAB OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
HARTER SECREST & EMERY LLP, BUFFALO (DANIEL J. ALTIERI OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered July 29, 2019. The order, inter alia, granted in part and denied in part the motion of defendant to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is modified on the law by denying that part of defendant's motion seeking dismissal of the first cause of action insofar as it was asserted by plaintiff, individually, and reinstating that cause of action to that extent, and as modified the order is affirmed without costs.
Memorandum: Defendant, who is plaintiff's daughter, provided financial and estate planning advice to plaintiff and his now-deceased wife. Based on defendant's advice, plaintiff established Cockaigne Holdings, LLC (LLC), transferred real properly valued at approximately $3.6 million to the LLC, and gave defendant a 90% interest in the LLC. The remaining 10% interest was held by the John Van Scoter 2010 Revocable Trust. According to plaintiff, defendant had promised that, if plaintiff created the LLC and gave her a 90% membership interest in the LLC and control as sole manager, she would "help [plaintiff] manage his businesses and real property interests, help take care of [plaintiff and his wife], help ensure their financial well-being, and visit them often." After plaintiff's wife died, defendant allegedly ended all direct communication with plaintiff and gave "sporadic and cursory" attention to plaintiff's business and real property interests, prompting him to commence this action.
In his first cause of action, plaintiff sought an accounting and the imposition of a constructive trust, claiming that defendant had been unjustly enriched. Plaintiff's second cause of action was for promissory estoppel. Defendant filed a motion seeking, inter alia, dismissal of the amended complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). Supreme Court granted that motion in part, dismissing the first cause of action. Plaintiff appeals and defendant cross-appeals.
Addressing first plaintiff's appeal with respect to the dismissal of the first cause of action, it is well established that "a constructive trust may be imposed '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; see Simonds v Simonds, 45 NY2d 233, 241 [1978]; Beason v Kleine, 96 AD3d 1611, 1613 [4th Dept 2012]). To establish a basis for a constructive trust, a plaintiff must allege "(1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment" (Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940 [1980], rearg denied 50 NY2d 929 [1980]; see Rossi v Morse, 153 AD3d 1637, 1638 [4th Dept 2017]; Beason, 96 AD3d at 1613). Inasmuch as the amended complaint alleged a confidential or fiduciary relation, a promise, and a transfer made in reliance on that promise, the issue concerning the first cause of [*2]action is whether the amended complaint adequately alleged unjust enrichment.
"[I]n order to sustain an unjust enrichment claim, '[a] plaintiff must show that (1) the other party was enriched, (2) at [the plaintiff's] expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered' " (E.J. Brooks Co. v Cambridge Sec. Seals, 31 NY3d 441, 455 [2018]). Nevertheless, " '[t]he theory of unjust enrichment lies as a quasi-contract claim' . . . It is an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties concerned. Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded" (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009], rearg denied 12 NY3d 889 [2009] [emphasis added]; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; Micro-Link, LLC v Town of Amherst, 155 AD3d 1638, 1642 [4th Dept 2017]).
Here, there is a written contract that covers the particular subject matter, i.e., the LLC's operating agreement. That agreement, however, was executed by defendant and plaintiff in his role as trustee. " 'It has been repeatedly held that persons suing or being sued in their official or representative capacity are, in contemplation of law, distinct persons, and strangers to any right or liability as an individual' " (Tuper v Tuper, 34 AD3d 1280, 1281 [4th Dept 2006], quoting Leonard v Pierce, 182 NY 431, 432 [1905]; see Magid v Sunrise Holdings Group, LLC, 155 AD3d 717, 718 [2d Dept 2017]). Inasmuch as plaintiff, individually, was not a party to the operating agreement, his first cause of action, insofar as it was asserted by him, individually, is not precluded by the written contract (see e.g. Ahlers v Ecovation, Inc., 74 AD3d 1889, 1890 [4th Dept 2010]; Marc Contr., Inc. v 39 Winfield Assoc., LLC, 63 AD3d 693, 695 [2d Dept 2009]). We therefore modify the order accordingly.
Addressing next defendant's cross appeal, we reject her contention that the court erred in denying that part of her motion that sought dismissal of the second cause of action. "The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise . . . However, the doctrine of promissory estoppel is limited to cases where the promisee suffered an unconscionable injury" (Zuley v Elizabeth Wende Breast Care, LLC, 126 AD3d 1460, 1461 [4th Dept 2015], amended on rearg 129 AD3d 1558 [4th Dept 2015] [internal quotation marks omitted]). Accepting plaintiff's allegations as true (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that the amended complaint states a cause of action for promissory estoppel. We respectfully disagree with our dissenting colleague that the promises alleged by plaintiff were too vague to support a promissory estoppel cause of action (see generally Dombrowski v Somers, 41 NY2d 858, 859 [1977]). While some promises were vague, others were not, such as defendant's promise to help plaintiff manage his business and real property interests, particularly in light of the allegation that defendant, who worked at Morgan Stanley, had been the personal financial adviser for plaintiff and his wife for many years.
All concur except Lindley, J., who dissents and votes to further modify in accordance with the following memorandum: Although I agree with the majority's resolution of plaintiff's appeal, I respectfully disagree with the resolution of defendant's cross appeal. In my view, Supreme Court erred in denying that part of her motion seeking dismissal of the second cause of action for promissory estoppel. The promises alleged by plaintiff, i.e., that defendant would "take care of" plaintiff, visit "often," and help him with the business, are "too vague to spell out a meaningful promise" (Dombrowski v Somers, 41 NY2d 858, 859 [1977]; see Rogowsky v McGarry, 55 AD3d 815, 817 [2d Dept 2008]; James v Western N.Y. Computing Sys., 273 AD2d 853, 855 [4th Dept 2000], abrogated on other grounds by American Tower Asset Sub, LLC v Buffalo-Lake Erie Wireless Sys. Co., LLC, 104 AD3d 1212, 1213 [4th Dept 2013]) inasmuch as such promises are "not subject to specific measurement" (Lowinger v Lowinger, 287 AD2d 39, 45 [1st Dept 2001], lv denied 98 NY2d 605 [2002]; see Yedvarb v Yedvarb, 237 AD2d 433, 434 [2d Dept 1997], lv denied 90 NY2d 804 [1997]).
"[B]efore the power of law can be invoked to enforce a promise, it must be sufficiently certain and specific so that what was promised can be ascertained. Otherwise, a court, in intervening, would be imposing its own conception of what the parties should or might have [*3]undertaken, rather than confining itself to the implementation of a bargain to which they have mutually committed themselves" (Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]). I would therefore further modify the order by granting that part of
defendant's motion that sought dismissal of the second cause of action.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court