Michael Serrapica CPA, PLLC v Kennelly (2023 NY Slip Op 05724)

Michael Serrapica CPA, PLLC v Kennelly

2023 NY Slip Op 05724

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-04206
 (Index No. 150656/14)

[*1]Michael Serrapica CPA, PLLC, respondent,
v
James Kennelly, appellant, et al., defendants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac and Greg Freedman of counsel), for appellant.
Tuttle Yick LLP, New York, NY (Gregory O. Tuttle of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and to recover in quantum meruit, the defendant James Kennelly appeals from an amended judgment of the Supreme Court, Richmond County (Lizette Colon, J.), entered May 18, 2021. The amended judgment, insofar as appealed from, upon a decision of the same court (Orlando Marrazzo, Jr., J.) dated May 20, 2020, made after a nonjury trial, upon an order of the same court (Lizette Colon, J.) dated May 4, 2021, granting the plaintiff's motion, inter alia, to resettle a judgment of the same court (Lizette Colon, J.) dated March 2, 2021, and upon an order of the same court (Lizette Colon, J.), also dated May 4, 2021, denying the cross-motion of the defendant James Kennelly, inter alia, to resettle the judgment, is in favor of the plaintiff and against that defendant in the principal sum of $22,851 relating to an invoice dated August 8, 2008, plus prejudgment interest from that date.
ORDERED that the amended judgment is affirmed insofar as appealed from, with costs.
The plaintiff, Michael Serrapica CPA, PLLC, commenced this action against the defendant James Kennelly (hereinafter the defendant), among others, to recover for unpaid accounting services rendered. After a nonjury trial, in a decision dated May 20, 2020, the Supreme Court determined that the defendant was personally liable to the plaintiff for "all personal non corporate accounting work on the invoices dated from August 7, 2008 through the last date presented at trial."
Thereafter, the Supreme Court issued a judgment, inter alia, in favor of the plaintiff and against the defendant in the principal sum of $25,761.00, based upon three invoices, including an invoice dated August 8, 2008, in the amount of $22,851, and awarding prejudgment interest from March 1, 2021. The plaintiff moved, inter alia, to resettle the judgment, contending that prejudgment interest should be calculated from the dates of the invoices. The defendant cross-moved, among other things, to resettle the judgment, contending that the court erred in issuing an award in favor of the plaintiff based upon the invoice dated August 8, 2008. The court granted the plaintiff's motion and denied the defendant's cross-motion. Thereafter, an amended judgment was entered, inter alia, in favor of the plaintiff and against the defendant in the principal sum of $22,851 relating to the invoice dated August 8, 2008, plus prejudgment interest from that date. The defendant appeals.
Contrary to the defendant's contention, so much of the amended judgment as was against him in the principal sum of $22,851 based upon the August 8, 2008 invoice was consistent with the Supreme Court's determination that the defendant was only liable to the plaintiff for personal, noncorporate accounting work (see Curry v Curry, 14 AD3d 646, 647). Additionally, the court's implicit determination that the August 8, 2008 invoice was for personal, noncorporate accounting work is supported by a fair interpretation of the evidence at trial (see Anderson v Mastrangelo, 18 AD3d 677, 677).
Under the circumstances of this case, the Supreme Court appropriately provided for an award of prejudgment interest from the date of the August 8, 2008 invoice (see CPLR 5001[b]; Vineyard Oil and Gas Co. v Stand Energy Corp., 45 AD3d 1291, 1293; D. Mormando Roll Off Container, Inc. v A.F.C. Enters., 216 AD2d 352, 352).
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court